UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal No. 4:23-cr-100 |
| v. | ) ) | **PLEA AGREEMENT** |
| WILLIAMS CONTRACTING, LLC, | ) ) | |
| Defendant. | ) ) | |

The United States of America (also referred to as "the Government"), Defendant, Williams Contracting, LLC, and Defendant's attorney, enter into this Plea Agreement.

## A.   CHARGES

1.   <u>Subject Offense</u>.   Defendant will waive Indictment (by executing a separate Waiver of Indictment form) and plead guilty to Count 1 of a United States Attorney's Information charging a violation of Title 18, United States Code, Section 371, that is, Conspiracy to Make False Statements to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").   Defendant also agrees to forfeiture of various firearms, as set forth in the Plea Agreement and listed in the Information.

2.   <u>Charges Being Dismissed</u>.   If the Court accepts this Plea Agreement, the government will move to dismiss the charges against Robert Allen Williams in the Indictment in *United States v. Williams*, No. 4:22-cr-199 (S.D. Iowa) and enter into the conditional nonprosecution agreement with Robert Allen Williams, which is attached as Exhibit A. The United States Attorney's Office for the Southern District

of Iowa will file no additional criminal charges against Defendant based upon conduct known to the Government related to Defendant's acquisition and possession of machine guns occurring prior to the date this Plea Agreement is executed.

## B.   MAXIMUM PENALTIES

3.     <u>Maximum Punishment</u>.   Defendant understands that the crime to which Defendant is pleading guilty in Count 1 of the Information carries a maximum sentence of five (5) years in prison; and a maximum fine of $500,000. A mandatory special assessment of $400 must also be imposed by the Court. Defendant understands that because Defendant is an organization, no term of incarceration will be imposed.   However, Defendant understands that Defendant may be sentenced to a term of not more than five (5) years of probation pursuant to 18 U.S.C. § 3561(a). As discussed below, the parties are jointly recommending the Court impose a fine and no term of probation.

## C.   NATURE OF THE OFFENSE -- FACTUAL BASIS

4.     <u>Elements Understood</u>.   Defendant understands that to prove the offense alleged under **Count 1 (Conspiracy to Make False Statements to the ATF)**, the Government would be required to prove beyond a reasonable doubt the following elements:

> (a)     Two or more natural persons reached an agreement to commit the crime of making false statements to the ATF;
>
> (b)     Defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect;
>
> (c)     At the time Defendant joined in the agreement, Defendant knew

the purpose of the agreement; and

(d)     While the agreement was in effect, a person or persons who had joined in the agreement knowingly did one or more acts for the purpose of carrying out or carrying forward the agreement.

5.     <u>Factual Basis</u>.   As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a)     Defendant is an Iowa limited liability company based in Manning, Iowa. Defendant is owned and operated by Robert Allen Williams. In August 2020, Defendant became a federal firearms licensee with Special Occupational Tax ("FFL-SOT"), which allowed Defendant, in certain circumstances, to possess and deal in fully-automatic machine guns regulated by the National Firearms Act.

(b)     Williams is friends with Bradley Eugene Wendt. Wendt is the Chief of Police for the City of Adair, Iowa. Wendt owns and operates a FFL-SOT that does business as BW Outfitters. As the Chief of Police for the City of Adair, Wendt could, in certain circumstances, write "law letters" to either purchase a machine gun for the Adair Police Department ("Department") or arrange for the Department to obtain a demonstration of a machine gun for the Department's potential future purchase.

(c)     Between September 2020 and August 2021, Defendant voluntarily and intentionally joined in an agreement with Williams and Wendt to facilitate Defendant's acquisition of machine guns via false statements to the ATF. Specifically, Williams solicited law letters from Wendt to Defendant that falsely stated that the Adair Police Department wanted a formal demonstration of various machine guns so that the Adair Police Department could determine if the machine guns were suitable for future purchase by the Adair Police Department. Wendt provided Defendant with numerous law letters that contained false statements to that effect. Those statements were false, because the Adair Police Department did not want a demonstration of the machine guns referenced in these letters and had no interest in purchasing those machine guns. Instead, the true purpose of the law letters from Wendt to Defendant was to facilitate the transfer of these machine guns to Defendant for Defendant's and Williams's own use, enjoyment, and potential profit.

(d)    By soliciting these false law letters from Wendt, and causing those false law letters to be submitted to the ATF, Defendant obtained and possessed ten fully-automatic machine guns that Defendant otherwise could not lawfully possess.

(e)    On August 31, 2022, law enforcement seized the above-referenced ten machine guns from Williams's residence in Manning, Iowa, which is also the registered address of Defendant's FFL-SOT.

6.    <u>Truthfulness of Factual Basis</u>.   Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

7.    <u>Waiver of Rule 410 Rights</u>.   Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this Plea Agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this Plea Agreement or move to withdraw Defendant's plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

8.    <u>Venue</u>.   Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.    SENTENCING**

9.    <u>Sentencing Guidelines</u>.    Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.   Defendant has discussed the Sentencing Guidelines with Defendant's attorney. Defendant understands that, because Defendant is an organization, the sentence will be governed by the provisions of Chapter 8 of the Sentencing Guidelines. Defendant further understands that the Sentencing Guidelines will establish a recommended fine range, pursuant to Part C of Chapter 8.   Defendant further understands that the Sentencing Guidelines allow for the imposition of probation, pursuant to Part D of Chapter 8.   Although the parties agree to recommend to the Court that no term of probation be imposed, Defendant understands that the ultimate sentence, including any fine or term of probation, will be determined by the Court.

10.    <u>Presentence Report</u>.   Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.   The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

11.    <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

12.   <u>Evidence at Sentencing</u>.   The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

13.   <u>Sentence to be Decided by Judge -- No Promises</u>.   This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure. The parties agree to recommend jointly that the Court impose a sentence requiring Defendant to pay to the United States a criminal fine of $40,000, payable in full at the time of sentencing.   The parties further agree that, because Defendant will voluntarily relinquish any federal firearms license(s) and agree not to seek any future licenses (*see* paragraph 23), to recommend to the Court that no term of probation should be imposed.   Defendant understands that the final sentence, including the application of the Sentencing Guidelines, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any

factual or legal stipulations agreed to by the parties.   Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding.   Therefore, it is uncertain at this time what Defendant's actual sentence will be.

14.    No Right to Withdraw Plea.   Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

E.    FINES, COSTS, AND FORFEITURE

15.    Forfeiture.   Defendant agrees to forfeiture of the property identified in the Information and listed below. Defendant will execute any documents as directed by the Government to complete the forfeiture. The property to be forfeited includes the following firearms:

| Manufacturer | Model | Caliber | Serial Number |
|---|---|---|---|
| Grain Sporting Goods LLC | Sporter | 7.62 | S033554 |
| One Shot Inc | LAR15 | 5.56 | CM64429 |
| John's Guns | FSL | 308 | X00967 |
| H&K | HK33KA3 | 223 | 11387 |
| CCARM | PPSH-41 | 7.62x25 | 0006 |
| [Imported NFA Firearm] | 1950 | 9 | 5100018 |
| H&K | UMP40 | 40 | 162001006 |
| CCARM | 1919-A4 | 30.06 | 015 |
| 2A Armament | Balios-Lite | 5.56 | BC00836 |
| John's Guns | M60E3 | 308 | PSXMGM60E3001 |

16.     <u>Waivers Regarding Forfeiture</u>.   Defendant waives all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.   Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement.   The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

17.     <u>Consent to Judgment of Forfeiture</u>.   Defendant agrees to waive all interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.   Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

18.     <u>Fines and Costs</u>.   Defendant agrees to pay to the United States a criminal fine of $40,000, payable in full at or before the time of sentencing.

19.   Special Assessment.   Defendant agrees to pay the mandatory special assessment of $400 at or before the time of sentencing, as required by 18 U.S.C. § 3013.

20.   Financial Statement. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F.   LIMITED SCOPE OF AGREEMENT

21.   Limited Scope of Agreement.   This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.   Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

22.   Agreement Limited to Southern District of Iowa.   This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

23.   Licensing Restrictions.   Defendant agrees that, prior to sentencing, Defendant will surrender all federal firearms license(s) it holds. Defendant further agrees that it will not again seek to obtain a federal firearms license of any type.

## G.   WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

24.   <u>Trial Rights Explained</u>.   Defendant understands that this guilty plea waives the right to:

(a)   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)   A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c)   The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d)   Confront and cross-examine adverse witnesses;

(e)   Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f)   Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g)   If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

25.   <u>Waiver of Appeal and Post-Conviction Review</u>.   Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the Court's entry of judgment against Defendant. If the Court imposes the sentence recommended by the parties, Defendant and the Government also waive any and all rights to appeal Defendant's sentence. If the Court imposes a sentence other than the sentence recommended by the parties,

Defendant and the United States preserve the right to appeal the sentence imposed by the Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.   VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

26.   Voluntariness of Plea.   Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)   No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)   Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

27.   Consultation with Attorney.   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a)   Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

       (b)     Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

       (c)     Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision.   Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.   GENERAL PROVISIONS

28.   <u>Entire Agreement</u>.   This Plea Agreement, and any attachments, is the entire agreement between the parties.   Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

29.   <u>Authority</u>.   Defendant agrees that its guilty plea will be tendered personally by Brad Bonner, an authorized representative for Defendant.

30.   <u>Public Interest</u>.   The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31.   <u>Execution/Effective Date</u>.   This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

32.   <u>Consent to Proceed by Video Conferencing</u>. Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously

harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J.    SIGNATURES

33.    <u>Defendant.</u>  I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation.   I do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Plea Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

6/20/2023
Date

Brad Bonner, on behalf of Williams Contracting, LLC

34.    <u>Defendant's Attorney.</u>  I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea Agreement.   I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of

Defendant's legal rights, and without any coercion or compulsion.  I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea.  I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_____6-21-23_____
Date

_____
Joseph G. Bertogli
Attorney for Brad Bonner and
Williams Contracting, LLC

35.    United States.    The Government agrees to the terms of this Plea Agreement.

Richard D. Westphal
United States Attorney

6/21/2023
Date

By: _____
Mikaela J. Shotwell
Ryan W. Leemkuil
Assistant U.S. Attorneys

Shai D. Gonzales
Special Assistant U.S. Attorney

U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone:  515-473-9300
Telefax:  515-473-9292
E-mail: Mikaela.Shotwell@usdoj.gov
Ryan.Leemkuil@usdoj.gov
Shai.Gonzales@usdoj.gov