IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 4:23-cr-100 |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| WILLIAMS CONTRACTING, LLC, | |
| Defendant. | |

**INTRODUCTION AND BACKGROUND**

Defendant, Williams Contracting, LLC, is an Iowa limited liability company, owned and operated by Robert Allen Williams. In August 2020, Williams Contracting obtained a license to – under limited circumstances – deal in fully automatic machine guns. Williams is friends with Bradley Eugene Wendt, the Chief of Police for Adair, Iowa. As the Chief of Police, Wendt could write "law letters" to obtain a demonstration from an authorized dealer – like Williams Contracting – of a machine gun for future potential purchase by the Adair Police Department. For nearly a year, Williams Contracting conspired with Wendt to facilitate Williams Contracting's acquisition of machine guns through false statements to the ATF. Specifically, Williams solicited – and Wendt provided – demonstration law letters for machine guns under the guise of demonstrating those machine guns to the Adair Police Department to determine if they were suitable for the Department's future use and potential purchase. In reality, the machine guns were intended only for Williams Contracting's personal use and enjoyment and as a retirement plan for Williams.

1

On June 29, 2023, Williams Contracting LLC[1] pled guilty to a one-count Information, charging the organization with conspiracy to make false statements to the ATF, in violation of Title 18, United States Code, Section 371. As part of the plea agreement, the government dismissed the Indictment against Robert Williams, owner and operator of Williams Contracting (criminal case 4:22-cr-199). Pursuant to the plea agreement, the parties agreed to recommend the District Court impose a fine of $40,000 against Williams Contracting. Williams Contracting also agreed to the forfeiture of ten machine guns identified in the Information, which were obtained through false statements to the ATF.

## OBJECTIONS

The government objected to the presentence investigation report's scoring of a two-point reduction in the advisory guidelines under USSG §8C2.5(g)(2) because Williams Contracting did not "fully cooperate[] in the investigation." Williams Contracting did not cooperate "essentially at the same time as the organization [was] officially notified of a criminal investigation." USSG §8C2.5, comment. n.13. Rather, Williams Contracting should receive the one-level reduction under USSG §8C2.5(g)(3) for merely demonstrating recognition and affirmative acceptance of responsibility for its criminal conduct. The government notes, however, that its sentencing recommendation remains the same regardless of the Court's resolution of this guidelines issue.

---

[1] Brad Bonner is the organizational representative for Williams Contracting.

2

## SENTENCING GUIDELINES

The government calculates the advisory guidelines range as follows:

**Offense Level Computation**

| | |
|---|---|
| Base Offense Level (§§2X1.1(a), 2B1.1(a)(2)) | 6 |
| Specific Offense Characteristic (§2B1.1(b)(16)) | +8 |
| Total Offense Level | 14 |

**Culpability Score Computation**

| | |
|---|---|
| Base Culpability Score (§8C2.5(a)) | 5 |
| Acceptance of Responsibility | -1 |
| Total Culpability Score | 4 |

**Fine Range Computation**

| | |
|---|---|
| Base Fine Calculation (§8C2.4(a)(1), (d)) | $150,000 |
| Multipliers (§8C2.6) | .80 to 1.60 |
| Guideline Fine Range (§8C2.7) | $120,000 to $240,000 |

## THE SENTENCING FACTORS SUPPORT A FINE OF $40,000

The appropriate sentence to be imposed by the Court should be "sufficient but not greater than necessary" to meet relevant sentencing objectives, which include:

1. the nature and circumstances of the offense and history and characteristics of the defendant;
2. the need for the sentence imposed –
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available;
4. the guideline sentencing range;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a). The Sentencing Guidelines outline additional factors to consider specific to organizational defendants, which include: any collateral consequences of conviction, the organization's role in the offense, and any nonpecuniary loss caused or threatened by the offense. *See* USSG §8C2.8.

Williams Contracting exploited a lawful process, which relied on the honesty and forthrightness of our law enforcement officers and firearms dealers. Through its owner and operator, Robert Williams, it solicited false law letters from Wendt and submitted those to the ATF. Williams Contracting knew Wendt and the Adair Police Department had no interest in buying those machine guns; they were not being obtained for future potential purchase by the Department. Rather, these machine guns were a feather in Williams Contacting's cap – something to shoot for fun, show off at machine gun shoots, profit from, and retire with. *See* PSR ¶¶ 26-33.

The parties' joint recommendation of a fine of $40,000 and forfeiture of all machine guns – and Williams' personal relinquishment of any current and future licenses to deal in machine guns – satisfies the needs of sentencing in this case. It ensures Williams Contracting, specifically, loses any ill-gotten gains and prevents him from doing it again. And it sends a clear message to other dealers who have or were thinking about exploiting this process for profit.

## CONCLUSION

The Court should impose a $40,000 fine against Williams Contracting.

                Respectfully submitted,

                Richard D. Westphal
                United States Attorney

By:   */s/ Mikaela J. Shotwell*
                Mikaela J. Shotwell
                Ryan W. Leemkuil
                Assistant United States Attorneys
                United States Courthouse Annex
                110 East Court Avenue, Suite 286
                Des Moines, Iowa 50309-2053
                Tel: (515) 473-9300
                Fax: (515) 473-9292
                Email: Mikaela.Shotwell@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record and the United States Probation Officer by:

\_\_\_\_ U.S. Mail  \_\_\_\_ Fax  \_\_\_\_ Hand Delivery

 X  ECF/Electronic filing  \_\_ Other means (email)

UNITED STATES ATTORNEY

By:  */s/Mikaela J. Shotwell*